### VALIDITY OF ORDINANCE AGAINST BETTING ON RACES.

Common Pleas Court of Hamilton County.

In the Matter of the Application of John E. Sherlock for a Writ of Habeas Corpus, ex parte.

Decided, October 2, 1916.

*Gambling—Ordinance Prohibiting Having in Possession Racing Memoranda—Penalties Which Are Not Excessive—Power of Courts to Declare Ordinances Unreasonable.*

1. An ordinance making it unlawful for any person to knowingly have in his possession "any writing, slip, paper or document * * * recording a wager * * * upon the speed or power of endurance of any beast" is within the provision of Section 3658, G. C., authorizing a municipality to enact ordinances "to prevent riot, gambling," etc.

2. A penalty of a fine of $100 for the first offense, and from $25 to $100 for each subsequent offense, or imprisonment at hard labor for not more than sixty days, or both, is clearly within the limitation of Section 5628, G. C.

3. The power of a court to declare an ordinance unreasonable should be restricted to cases where the Legislature has enacted nothing on the subject-matter of the ordinance.

*Charles A. Groom* and *Edwin S. Morrissey,* for the city of Cincinnati.

*Fulford, Shook, Wilby & Fricke,* for John E. Sherlock.

WARNER, J.

The applicant was arrested and charged with the violation of the following section of the code of ordinances of the city of Cincinnati:

"Section 1019-2. It shall be unlawful for any person knowingly to have in his possession or in his custody or under his control any writing, slip, paper or document, such as is commonly used as a representation of or a memorandum of or evidence of or in the process of making, settling, paying, registering, evidencing or recording a wager upon the result of a trial or contest of skill, speed or power of endurance of any beast."

Section 1019-4 provides a penalty as follows:

"Section 1019-4. Any person or persons found guilty of violating any of the provisions of the foregoing Sections 1019-1 and 1019-2, shall be fined in any sum not exceeding one hundred ($100) dollars for the first offense; and for each subsequent offense shall be fined in a sum not less than twenty-five ($25) dollars nor more than one hundred dollars or shall be imprisoned and kept at hard labor in the city workhouse not more than sixty days, or both."

The accused now seeks to be released upon various grounds, which he claims renders said ordinance invalid.

It is contended, first, that said ordinance was not authorized by statute.

By the provisions of Section 3658, General Code, a city is authorized to enact ordinances "to prevent riot, gambling," etc.

It seems to be very clear that said ordinance seeks to prevent one form of gambling, and that being so I think making it unlawful for any person to knowingly have in his possession any writing, etc., as provided in said ordinance, is a legitimate means in preventing the character of gambling sought to be prevented. It follows, therefore, that this ordinance would seem to be fully authorized by said statute.

It is further claimed that the ordinance is unreasonable and indefinite.

I think that an ordinance should not be held to be unreasonable which is clearly authorized by the Legislature, and I think that while the court has power to declare an ordinance unreasonable, the exercise of that power should be restricted to cases where the Legislature has enacted nothing on the subject-matter of the ordinance. In this case, it appearing that the ordinance is authorized by the Legislature, I think it would be going too far to say that it is unreasonable and indefinite.

The further claim is made that the applicant is denied the right to trial by jury.

If the applicant is entitled to a trial by jury it is enough to say that his right to such trial is fully protected and secured by Section 4577 of the General Code.

The final contention is that the punishment provided by said ordinance is excessive.

The provisions of Section 3665, General Code, declare what punishment may be inflicted for offenses specified in Section 3664, of which the offense in this case is not one, and therefore Section 3665 does not determine the limit of punishment that may be inflicted in this case.

This case comes within the provisions of Section 3628 of the General Code, which is as follows:

"Section 3628. To make the violation of ordinances a misdemeanor and to provide for the punishment thereof by fine or imprisonment, or both, but such fine shall not exceed five hundred dollars and such imprisonment shall not exceed six months."

It is apparent, therefore, that the penalty section of said ordinance is clearly within the limit prescribed by said Section 3628.

Therefore, upon all considerations affecting this case, I am very clearly of the opinion that the writ must be discharged. Ordered accordingly.